**REPUBLIC SAVINGS BANK,
et al., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–265C.**

United States Court of Federal Claims.

June 25, 2003.

Charles J. Cooper, Cooper & Kirk, PLLC, Washington, D.C. for Plaintiff; with whom were Robert J. Cynkar, and Vincent J. Colatriano, Cooper & Kirk, PLLC, Washington, D.C., of counsel.

Jonathan Lawlor, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant; with whom were David W. Ogden, Assistant Attorney General, U.S. Department of Justice, and David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C.

### ORDER

SMITH, Senior Judge.

The Court has before it two motions by Defendant. Defendant moved to amend its responses to Requests 4, 8, 9, and 12 of Plaintiffs' First Set of Requests for Admission ("RFA") pursuant to Rules 1, 7, and 36(b) of the Rules of the Court of Federal Claims ("RCFC"). Defendant also moved to amend Paragraph 53 of Defendant's first amended answer to Plaintiffs' amended complaint under Rules 1, 7, and 15(a) of the RCFC.

Rule 1 describes the general scope and purpose of the RCFC, and Rule 7 governs the type of pleadings and form of motions permitted under the RCFC. *See* RCFC 1; RCFC 7. Rule 36(b) permits the amendment of an admission made in response to a request for admission. *See* RCFC 36(b). In particular, Rule 36(b) permits amendment of an admission when the amendment serves the "presentation of the merits" of the action at issue, and when "the party that obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." RCFC 36(b). Rule 15(a) allows parties to amend an answer more than 20 days after that answer's service "when justice so requires." RCFC 15(a).

The Court first examines Defendant's motions to amend its responses to Request 8 and Paragraph 53. We discuss these motions as a pair because Defendant's admissions in response to Request 8 and Paragraph 53 were essentially identical, and

because Defendant offered the same substantive grounds in support of amending both responses. In pertinent part, both Request 8 and Paragraph 53 stated that as of August 30, 1985, liquidating Citizens Federal Savings and Loan Association ("Citizen") and Fireside Savings and Loan Association ("Fireside") would have cost FSLIC in excess of $23,001,000. Defendant's original response to Request 8 was an unqualified admission. Similarly, Defendant originally admitted in response to Paragraph 53 "that the cost of liquidating both Citizens and Fireside on or about August 30, 1985, would have exceeded $23,001,000," but denied the remainder of the allegations in Paragraph 53. Def.'s First Am. Answer at 10.

Defendant argued that we should permit the amendment of its admissions pertaining to liquidation costs so that Defendant may flatly deny the allegations in Request 8 and Paragraph 53. Defendant claimed that we should permit the amendment because Defendant realized after the fact that the admissions were incorrect, and because amendment of the admissions would not unduly prejudice Plaintiffs. However, Defendant's position is unavailing for two reasons. First, Defendant failed to offer any evidence tending to support the proposition that the original admissions were erroneous. Defendant merely stated that it made the admissions "at a time when meaningful discovery had not been conducted and little was understood about the merits of the *Winstar*-related claims," and therefore concluded that the admissions were incorrect. *See* Def.'s Mot. at 4.

Second, amendment of the responses would likely prejudice Plaintiff. Defendant filed its response to Request 8 on July 13, 1992, and its response to the first amended answer to Plaintiffs' amended complaint on September 17, 1992. Plaintiffs have already relied heavily on these admissions in the development of their litigation strategy. Plaintiffs used the admissions to shape discovery, which, except for expert witness discovery, ended years ago. Furthermore, Plaintiffs have already filed and argued a summary judgment motion on damages influenced by the admissions. Amendment of the responses would alter the factual terrain of this case. An abrupt alteration at this relatively late point in the litigation process might deprive Plaintiffs of the opportunity to prepare adequately for the aspect of the upcoming trial of the case pertaining to liquidation costs. Therefore, the Court must deny Defendant's motions regarding the amendment of responses to Request 8 and Paragraph 53 in view of the lack of evidence supporting the need to amend the admissions and the likely prejudice to Plaintiffs caused by the amendment.

■ We next address Defendant's motion to amend its responses to Requests 4, 9, and 12. As a preliminary matter, Defendant's responses to Requests 4, 9, and 12 were not admissions. Request 9 and 12 *denied* Plaintiffs' specific requests for admission, while Defendant's response to Request 4 claimed that it could neither deny nor admit Plaintiff's request because, as worded, the request was "ambiguous, inaccurate, and incomplete." Def.'s Resp. to Req's for Admis. at 4. Thus, the Requests at issue fall under RCFC 26(e), which governs the supplementation of disclosures and responses, rather than RCFC 36(b), which only addresses admissions. Under RCFC 26(e), Defendant has an ongoing duty to supplement and amend denials to a request for an admission where the original response was "incomplete or incorrect" according to the party making the amendment, and if the additional or corrective information has not otherwise been made known to other parties to the suit. RCFC 26(e)(2). On the other hand, parties must receive the court's leave to amend an admission. *See* RCFC 36(b).

Here, Defendant was unopposed in seeking to amend the original responses to Request 4 and Request 12. Defendant wanted to amend its response to Request 4 by offering additional explanation in the response, thus implying that the original response was incomplete. Defendant sought to amend its original denial of Request 12 by admitting to the request. Defendant noted that it had incorrectly denied Request 12 because of an erroneous accounting calculation. *See* Def.'s Mot. at 3.

Defendant also requested to amend its response to Request 9. Defendant had originally denied Request 9, stating that the amount of supervisory goodwill and other intangible assets generated by the acquisition of Citizen and Fireside was $19,124,534 and $1,800,000, respectively. Defendant's proposed amendment to Request 9 stated that the amount of goodwill generated by the acquisition under Generally Accepted Accounting Principles ("GAAP") was $21,202,000, and that the establishment of a $3 million capital credit had increased the goodwill under regulatory accounting schemes to a total amount of $24,202,000. Defendant's proposed amendment further noted that Republic's opening balance sheet had recorded $1.8 million in recognition of the value of the two thrifts' core deposit base. Plaintiff disputed the substance of the proposed amendment, arguing that the amount of goodwill and intangibles generated by the acquisition was actually $23,001,000, taking into account the $21,202,000 of GAAP goodwill plus the $1,800,000 of core deposit intangibles. Plaintiff further alleged that Defendant failed to substantiate that the $3 million capital credit should be included in the calculation of goodwill.

In view of the above discussion, the Court grants Defendant's motion to amend Defendant's responses to Requests 4, 9, and 12. The plain meaning of RCFC 26(e) requires a party wishing to amend a previously entered response to do so in a good faith effort to complete or rectify the response, where the corrective or additional information is not otherwise known to the other parties to the suit. *See* RCFC 26(e). Any dispute regarding the factual accuracy of such amendments is grist for the ongoing litigation of a matter. Thus, Defendant properly supported the amendments at issue under RCFC 26(e) by stating that the amendments were offered to rectify and complete the original responses to the Requests; there is no indication in the record that Plaintiffs were previously aware of the information in the amendments. Plaintiffs should properly contest the facts presented in the amendment to Defendant's response to Request 9, if so desired, in a dispositive motion or at trial.

In conclusion, the Court hereby DENIES Defendant's motions regarding the amendment of the responses to Request 8 and Paragraph 53, and GRANTS Defendant's motion to amend the responses to Requests 4, 9, and 12.

**IT IS SO ORDERED.**